## UNITED STATES DISTRICT COURT FOR THE
## FEDERAL DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| Crystal Sellers<br>1431 N. 25th St., Unit B<br>Philadelphia, PA 19121<br>                     Plaintiff(s)<br>   v.<br><br>Daniel Suder<br>513A W. Taylor Ave.<br>Wildwood, NJ 08260<br>                    Defendant(s) | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | No._____<br><br><br><br><br><br>JURY TRIAL DEMANDED |

## COMPLAINT

## PARTIES

1. Plaintiff, Crystal Sellers, is a citizen and resident of the Commonwealth of Pennsylvania, residing at the address listed in the caption of this Complaint.

2. Upon information and belief, Defendant, Daniel Suder, is a citizen of and resident of the State of New Jersey, residing at the address listed in the caption of this Complaint.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over the parties and subject matter of this Civil Action.

4. The Defendant, Daniel Suder, is a citizen, resident, and is domiciled in the State of New Jersey.

5. The Plaintiff, is a citizen, resident and is domiciled in the Commonwealth of Pennsylvania.

6. The amount in controversy in this case, exclusive of interest and costs, exceeds the sum of $75,000.

7. 28 U.S.C. § 1391(a) states, "(1) this section shall govern the venue of all civil actions brought in district courts of the United States; and (2) the proper venue for a civil action shall be determined without regard to whether the action is local or transitory in nature."

8. Venue is proper in this jurisdiction pursuant to 28 U.S.C. § 1391(b).

9. 28 U.S.C. § 1391(b) (1) states, "A civil action may be brought in a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located."

10. Venue is proper in this jurisdiction pursuant to 28 U.S.C. § 1391(b) (1) in that the defendant resides in New Jersey, where this federal judicial district is located.

## FACTS

11. On or about January 17, 2025, Plaintiff was a pedestrian, walking across the street at or near the intersection of Ogontz & Oregon Ave., in Philadelphia, PA.

12. At or about the same date and time, Defendant, Daniel Suder, was the operator of a motor vehicle, which was traveling at or near the aforesaid location and/or the location of the Plaintiff.

13. At or about the same date and time, Defendant's vehicle was involved in a collision with the Plaintiff.

14. The aforesaid mot collision was caused by the Defendant negligently and/or carelessly, operating his/her vehicle in such a manner so as to strike the Plaintiff.

15. The aforesaid collision was the result of the negligence and/or carelessness of Defendant and not the result of any action or failure to act by Plaintiff.

16. As a result of the accident, Plaintiff suffered serious, severe and permanent bodily injuries, including, but not limited to, sprains and strains of the cervical and lumbar

spine, a sprain and strain of the left knee, posttraumatic chondromalacia patella, a complete disruption of the ACL, a bucket handle tear deformity of the medial meniscus, disc protrusion(s) and bulging of the cervical spine, and pain in the back, leg, and ankle, as set forth more fully below.

**COUNT I**
**Crystal Sellers v. Daniel Suder**
**Personal Injury–Negligence**

17. The negligence and/or carelessness of Defendant, which was the direct and sole cause of the aforesaid motor vehicle accident and the injuries and damages sustained by the Plaintiff, consisted of, but is not limited to, the following:

    a. Striking the Plaintiff after running a red light;

    b. Failing to maintain proper distance between vehicles;

    c. Operating his/her vehicle in a negligent and/or careless manner as to strike the Plaintiff without regard for the rights or safety of Plaintiff or others;

    d. Failing to have his/her vehicle under proper and adequate control;

    e. Operating his/her vehicle at a dangerous and excessive rate of speed under the circumstances;

    f. Violation of the "assured clear distance ahead" rule;

    g. Failure to keep a proper lookout;

    h. Failure to apply brakes earlier to stop the vehicle without striking the Plaintiff;

    i. Being inattentive to his/her duties as an operator of a motor vehicle;

    j. Disregarding traffic lanes, patterns, and other devices;

k. Driving at a high rate of speed which was high and dangerous for conditions;

l. Failing to remain continually alert while operating said vehicle;

m. Failing to perceive the highly apparent danger to others which the actions and/or inactions posed;

n. Failing to give Plaintiff meaningful warning signs concerning the impending collision;

o. Failing to be highly vigilant and maintain sufficient control of said vehicle and to bring it to a stop on the shortest possible notice;

p. Operating said vehicle with disregard for the rights of Plaintiff, even though he/she was aware or should have been aware of the presence of Plaintiff and the threat of harm posed to Plaintiff;

q. Continuing to operate the vehicle in a direction towards the Plaintiff when he/she saw, or in the exercise of reasonable diligence, should have seen, that further operation in that direction would result in a collision;

r. Failing to operate his/her vehicle in compliance with the applicable laws and ordinances of the State of New Jersey pertaining to the operation and control of motor vehicles;

18. As a direct and consequential result of the negligent and/or careless conduct of the Defendant, described above, Plaintiff suffered various serious and permanent personal injuries, serious impairment of bodily function and/or permanent serious disfigurement and/or aggravation of pre-existing conditions, including, but not limited to, sprains and strains of the cervical and lumbar spine, a sprain and strain of the left knee, posttraumatic chondromalacia

patella, a complete disruption of the ACL, a bucket handle tear deformity of the medial meniscus, disc protrusion(s) and bulging of the cervical spine, and pain in the back, leg, and ankle, all to Plaintiff's great loss and detriment.

19. As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiff's great financial detriment and loss, Plaintiff has in the past, is presently and may in the future suffer great anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

20. As an additional result of the carelessness and/or negligence of defendant, Plaintiff has suffered emotional injuries, along with the physical injuries suffered.

21. As a direct result of the negligent and/or careless conduct of the Defendant, Plaintiff suffered damage to his/her personal property, all to Plaintiff's great loss and detriment.

22. As a further result of Plaintiff's injuries, she has in the past, is presently and may in the future undergo a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

23. Furthermore, in addition to all the injuries and losses suffered by Plaintiff, Plaintiff has also incurred or will incur medical, rehabilitative and other related expenses in an amount equal to and/or in excess of the basic personal injury protection benefits for which she makes a claim for payment in the present action.

WHEREFORE, Plaintiff, Crystal Sellers, prays for judgment in his/her favor and against Defendant, Daniel Suder, in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus all costs and other relief this court deems just.

SIMON & SIMON, P.C.

BY: *Chris Green*
Christopher Green, Esquire

## **VERIFICATION**

I am the Plaintiff in this action, and I hereby state that the facts set forth in the foregoing complaint are true and correct to the best of my knowledge, information and belief. I understand that this Verification is subject to 18 P.a.C.S. § 4904 providing for criminal penalties for unsworn falsification to authorities.

_____Crystal Felley_____
01E919E56D59487...